## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Streambend Properties III, LLC and
Streambend Properties IV, LLC,

        Plaintiffs,

v.

Sexton Lofts, LLC; JJT LLC; JJT
Development, LLC, Heather Enterprises II,
LP; Medved, LP; MRM Management
Corp.; Sexton I, LLC; Regency
Commercial Services, LLC; Regency
Commercial Services, LC; Brett A.
Thielen; Robert T. Myers; Michael P.
Medved; Nedal Abul-Hajj; Burnet Realty,
LLC; John Doe; John Gamble, Mary
Rowe; and XYZ, Corp.,

        Defendants.

**Civil File No.: 10-cv-4745 MJD/SER**

**<u>REPORT AND
RECOMMENDATION</u>**

---

Sara M. G. Rojas, Law Office of Sara M. G. Rojas, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415, on behalf of Plaintiffs.

Brett A. Thielen, *pro se*, Federal Prison Camp, P.O. Box 1000, Duluth, Minnesota 55814.

Christopher L. Goodman and Richard A. Lind, Lind, Jensen, Sullivan & Peterson, P.A., 150 South 5th Street, Suite 1700, Minneapolis, Minnesota 55402, on behalf of Defendant Burnet Realty, LLC.

John J. Steffenhagen, Hellmuth & Johnson, PLLC, 8050 West 78th Street, Edina, Minnesota 55439, on behalf of Defendants Sexton I, LLC and Nedal Abdul-Hajj.

Daniel C. Beck and Jacob B. Sellers, Winthrop & Weinstine, P.A., 225 South Sixth Street, Suite 3500, Minneapolis, Minnesota 55402, on behalf of Defendants Medved, LP and Michael P. Medved.

D. Charles Macdonald and Trista M. Roy, Faegre Baker Daniels, LLP, 90 South 7th Street, Suite 2200, Minneapolis, Minnesota 55402, on behalf of Defendants MRM Management Corp., John Gamble, and James M. Myers.

---

STEVEN E. RAU, United States Magistrate Judge

This matter is before the undersigned on Defendant Brett A. Thielen's *pro se* submission entitled "Motion to Denial of Rule 12, Federal Rules of Civil Procedures, Pursuant to Rule 8(b)" ("*Pro Se* Motion") [Doc. No. 76]. Chief Judge Michael J. Davis referred the motion to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1 [Doc. No. 77]. For the reasons set forth below, the Court recommends that the motion be granted in part and denied in part.

## I.      FACTUAL AND PROCEDURAL HISTORY

Plaintiffs Streambend Properties III, LLC and Streambend Properties IV, LLC (collectively, "Streambend") filed an initial Complaint on November 29, 2010. In March 2012, the Court learned that for over fifteen months Streambend failed to properly serve seventeen of the eighteen defendants, including Defendant Brett A. Thielen ("Thielen"). Pursuant to Rule 4(m), the Court ordered Streambend to serve all defendants properly and file proof of service on ECF within 20 days (Order Dated March 28, 2012) [Doc. No. 53].

On April 9, 2012, Streambend served Thielen with a copy of the Second Amended Complaint ("SAC") at the Douglas County Jail in Superior, Wisconsin and filed proof of service shortly afterward. [Doc. Nos. 21, 69]. The SAC alleges seven counts against Thielen but does not specifically reference Thielen aside from including him in a list of developers. (*Id*. at ¶¶ 16, 23, 29) [Doc. No. 21]. Similarly, the Third Amended Complaint ("TAC"), portions of which Streambend may file pursuant to the Court's Order Dated June 12, 2012, does not allege any additional substantive facts against Thielen. (Redline Version of Second Amended Complaint, Ex. B, Attached to Affidavit of Sara M. G. Rojas, "Rojas Aff.") [Doc. No. 39-2 at ¶¶ 16, 23, 29, 89, 102, 112, 120, 141, 149, 154, 170].

Thielen filed the instant three-page handwritten motion on April 20, 2012.  As written, the motion states in its entirety:

> Brett Thielen, the Defendant in the above-captioned action, by his self "pro se" moves for denial of Rule 12 of the Federal Rules of Civil Procedures in the above-captioned case.  The motion is made on the grounds pursuant to Rule 8(b), which states: If a party is without knowledge or information sufficient to form a belief as to the truth of averment, the party shall so state and this has the effect of a denial.  This motion is brought with-in the 21 days after service of this summons on myself.  This motion is based on the record of my incarceration, and my projected out date of Jan., 2013.  By this the defendant is asking for this case to be on "hold" until 30 days after I am released from incarceration.

[Doc. No. 76 at 2].  The motion was not filed with an accompanying memorandum.  Nor does it reference to any specific provisions of Rule 12 or ask that the case be dismissed.

## II.     DISCUSSION

Thielen's motion appears to make three requests for relief: (1) that default not be entered against him because complied with Rule 12 by filing the instant motion; (2) that his motion be entered as a general denial pursuant to Rule 8(b); and (3) that the case be stayed until 30 days after he is released from prison in January 2013.  Though the motion is docketed as a motion to dismiss, the Court may look past its title "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."  *Castro v. United States*, 540 U.S. 375, 381-82 (2003); *see Beale v. Jones*, No. 10-4293 (RHK/JSM), 2010 WL 5276994, at *3 (D. Minn. Oct. 29, 2012).  The Court will liberally construe his moving papers despite Thielen's failure to file a memorandum of law in support of his motion.  *See Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993) ("Pleadings and other documents filed by *pro se* litigants should be treated with a degree of indulgence, in order to avoid a meritorious claim's being lost through inadvertence or misunderstanding").

**A.  Thielen's Request for Entry of a General Denial Should be Denied.**

Rule 8(b)(3) allows a party to file a general denial in response to a complaint provided it is made "in good faith" applies to "all the allegations of a pleading—including jurisdictional grounds."  (*Id.*); *see United States v. Kuyper*, No. 4:11CV4170, 2012 WL 668625, at * 2 (D.S.D. Feb. 29, 2012) (accepting defendant's answer denying every fact and claim as a general denial based on Rule 8(b)(3)); *Shannon v. Houston*, No. 8:08CV524, 2009 WL 2951930, at * 2 (D. Neb. Sept. 14, 2009) (analyzing general denial under Rule 8(b)(3)).   Streambend opposes Thielen's request that the Court enter the motion as a general denial by arguing that a general denial would contravene its efforts to move for summary judgment or judgment on the pleadings. Streambend's misplaced argument ignores the prejudice to Thielen caused by its fifteen month delay in serving him with the complaint.

Thielen's *Pro Se* Motion appears to be made in good faith, yet it does not contain a statement denying "all allegations of the complaint" as Rule 8(b)(3) requires.   Rather, his motion's second sentence citing Rule 8(b) appears to quote a portion of Minn. R. Civ. P. 8.02, "If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial."[1]   Without an explicit affirmative representation as to the veracity of the entire complaint, the *Pro Se* Motion does provide an adequate basis for a general denial.   Even if liberally construed, merely reciting a state court procedural rule (Minn. R. Civ. P. 8.02) that mirrors the relevant federal rule (Rule 8(b)(3)) is insufficient.   *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Mayard v. Siegfried*, No. 08-5853, 2011 WL 579334, at *6-7 (D. Minn. Feb. 8, 2011).   Thielen should be given 45 days from the date upon which this report and recommendation is ruled upon to file an

---

[1]     Though the Minn. R. Civ. P. typically mirror the Fed. R. Civ. P., their text slightly differs with respect to general denials.  *Compare* Rule 8(b)(3) *with* Minn. R. Civ. P. 8.02.

answer, general denial, or otherwise respond to the SAC.  Thielen, however, has complied with Rule 12(a); default should not be entered against him.

**B.  Thielen's Request to Stay the Action Should be Denied.**

The Court is sympathetic to Thielen's concerns that his incarceration hinders his ability to craft his defense.  Yet, Thielen's filing of the instant motion demonstrates his ability to receive and send mail, access legal reference materials, and prepare submissions.  In the absence of additional facts demonstrating undue prejudice to Thielen, further delay is not justified in a case that has already languished for over a year and a half.  Furthermore, to ensure Thielen receives adequate notification of case developments, the Court instructs the clerk's office to provide Thielen with copies of all past orders, motions, and memoranda specific to Thielen [Doc. Nos. 69, 77, 81-82, 127] and to mail him a copy of every docketed filing beginning with this report and recommendation.

**III.   RECOMMENDATION**

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED that**: Defendant Brett A. Thielen's Motion to Denial of Rule 12, Federal Rules of Civil Procedures, Pursuant to Rule 8(b) [Doc. No. 76] be **GRANTED in part** and **DENIED in part as follows**:

1.  To the extent the motion seeks to prevent an entry of default against him at this time pursuant to Rule 12, the motion should be **GRANTED**;

2.  To the extent the motion seeks to be entered as a general denial pursuant to Rule 8(b)(3), the motion should be **DENIED**.  Thielen should be given **45 days** from the date this report and recommendation is ruled upon to answer or otherwise respond to the SAC; and

3. To the extent the motion seeks to stay the case as to Thielen until 30 days after his release from incarceration, the motion should be **DENIED**.

Dated: June 20, 2012

s/ Steven E. Rau_____
STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 5, 2012,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.