UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STREAMBEND PROPERTIES III, LLC,
and STREAMBEND PROPERTIES IV, LLC,

        Plaintiffs,

v.                      **ORDER**
                        Civil File No. 10-4745 (MJD/SER)

SEXTON LOFTS, LLC,
et al.,

        Defendants.

Sara M. G. Rojas, Joanis Law, Counsel for Plaintiffs.

Daniel C. Beck and Jacob B. Sellers, Winthrop & Weinstine, PA, Counsel for Defendant Medved LP and Michael P. Medved.

D. Charles Macdonald and Trista M. Roy, Faegre Baker Daniels LLP, Counsel for Defendants MRM Management Corp., John Gamble, and James M. Myers.

John J. Steffenhagen, Hellmuth & Johnson PLLC, Counsel for Sexton I, LLC, and Nedal Abul-Hajj.

Christopher L. Goodman and Richard A. Lind, Lind Jensen Sullivan & Peterson, PA, Counsel for Burnet Realty, LLC.

The above-entitled matter comes before the Court on Plaintiffs' objections to the Magistrate Judge's June 12, 2012 Order [Docket No. 127] granting in part and denying in part Plaintiffs' Third Motion for Leave to Amend the Complaint.

This Court will reverse a magistrate judge's order on a nondispositive issue if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a). The Court has reviewed the submissions and the record in this case and concludes that the Magistrate Judge's June 12, 2012 Order is well reasoned and neither clearly erroneous nor contrary to law and will be affirmed, with the exception that the Court concludes that, at amendment stage, Plaintiffs should be permitted to amend their fraud-based claims. In Count 4, Plaintiffs have now defined the members of "Defendants" and appears to be attempting to plead that all Developers and Burnet Realty prepared or provided the allegedly fraudulent documents or items cited in Count 4, such as the Purchase Agreement, Initial Declaration, and model renditions, to Plaintiffs before Plaintiffs signed the Purchase Agreements. In Count 9, Plaintiffs define Defendants and, through incorporation of Counts 1 and 3, specify the information that Defendants allegedly failed to convey, forming the basis for a negligent misrepresentation claim. In Count 10, Plaintiffs differentiate their

claim against Burnet Realty and specify the omissions Burnet Realty allegedly made. Although the proposed amendments are not a model of clarity, the Court concludes that, at this stage, given the liberal approach to allowing amendment under Rule 15(a), they are not so vague as to be futile. The Court does not address the possible Rooker-Feldman and res judicata issues raised by the discovery of the previous state court lawsuit at this point, because there has not been full briefing on those topics. Those topics would be better addressed in fully briefed dispositive motions.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

> The United States Magistrate Judge's June 12, 2012 Order [Docket No. 127] is **AFFIRMED IN PART** and **REVERSED IN PART** as follows: the Order is affirmed in all respects, except that to the extent that Plaintiffs' Third Motion for Leave to Amend the Complaint [Docket No. 37] seeks to amend their fraud and negligent misrepresentation claims, Count 4, 9, and 10, the motion is **GRANTED**.

Dated: September 28, 2012         s/ Michael J. Davis
                                  Michael J. Davis
                                  Chief Judge
                                  United States District Court