UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STREAMBEND PROPERTIES III, LLC,
and STREAMBEND PROPERTIES IV, LLC,

       Plaintiffs,

v.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 10-4745 (MJD/SER)

SEXTON LOFTS, LLC,
et al.,

       Defendants.

Sara M. G. Rojas, Joanis Law, Counsel for Plaintiffs.

This matter is before the Court on Plaintiffs' letter request to file a motion for reconsideration. [Docket No. 138] Plaintiffs seek to request reconsideration of this Court's January 9, 2012 Order, which granted Defendant Burnet Realty LLC's motion to dismiss. [Docket No. 34]

The Local Rules provide that a motion to reconsider can only be filed with the Court's express permission, and such permission can only be obtained if the party shows "compelling circumstances." L.R. 7.1(j). The district court's

1

decision on a motion for reconsideration rests within its discretion.  Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.  . . .  Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

Id. at 414 (citation omitted).

The Court has reviewed Plaintiffs' letter request and the Court's January 9, 2012 Order and denies the letter request.

First, the Court determines that its dismissal of Plaintiffs' Interstate Land Sales Act ("ILSA") claims, Counts 1 and 2, based on the statute of limitations was correct.  Dismissal of claims based on statute of limitations is appropriate when it appears from the face of the complaint that the limitations period has run, and the complaint contains no facts to toll the statute of limitations.  Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004).  Plaintiffs now claim that the parking structure was on a different timeline than the residential structure, so they would not have reasonably known of the facts giving rise to their ILSA claims – the lack of construction of the parking ramp – when they received the Notices of Cancellation, which attempted to force the closing.  However, the Second Amended Complaint clearly alleged that "Defendants falsely represented

2

. . . that Defendants intended to: . . . Provide parking spaces at closing." (Second Amended Complaint ("SAC") ¶ 70.) It also alleged: "Developers' failure to construct the parking ramp prior to attempting to force closings by purchasers is inconsistent with the plain terms of the purchase agreements, which provide that **parking spaces will be available upon closing**." (Id. ¶ 47 (emphasis added).) It further asserted that "Defendants failed to inform Plaintiffs that Developers did not intend to complete the parking structure prior to attempting to force Plaintiffs to close on their Purchase Agreements." (Id. ¶ 81.) Based on the unambiguous allegations in the Second Amended Complaint, Plaintiffs' ILSA claims were based on the theory that Developers failed to provide the parking ramp and parking spaces **before closing**.

A motion to reconsider is not an appropriate vehicle for Plaintiffs to raise new legal theories and new factual allegations that were within Plaintiffs' knowledge and possession long before it initiated this lawsuit. Plaintiffs filed three different versions of their Complaint before the Court issued its January 2012 Order; they had multiple opportunities to assert their entirely new and contradictory theory in those three complaints or in their opposition to the motion to dismiss. They failed to do so, and, at some point, amendment of the

3

complaint must cease. This motion for reconsideration does not permit Plaintiffs a fourth bite at the apple as to Burnet Realty. The Court further notes that Plaintiffs' proposed Third Amended Complaint continues to assert the same allegations regarding Defendants' failure to provide parking before closing. Moreover, allegations regarding a previous state court lawsuit by Jerald Hammann against Sexton Lofts, LLC, concerning the same units now at issue in this lawsuit, which resulted in a judgment declaring the Purchase Agreements void, dismissing all damage claims, and ordering return of the earnest money to Hammann, besides raising troubling questions regarding res judicata and the <u>Rooker-Feldman</u> doctrine, do not support an argument that Plaintiffs were not aware of, and reasonably should not have known of, the facts giving rise to their ILSA claims.

Plaintiffs also assert that the Notices of Cancellation were ineffective. Regardless of whether or not the Notices of Cancellation were effective, as the Court previously held: "At a minimum, Streambend's receipt of the Notices of Cancelation in June 2006 triggered its duty to exercise reasonable diligence to determine whether the Developers had constructed the parking ramp." (January 2012 Order at 12.)

Second, the Court concludes that its dismissal of Count 7, Plaintiffs' claim for unjust enrichment, was correct. The Court dismissed this count because Plaintiffs had previously agreed to voluntarily dismiss the claim against Burnet Realty on the grounds that its unjust enrichment was minimal. Plaintiffs do not dispute that they previously took this position. They offer no reason that the Court should now reverse that holding.

Third, the Court concludes that dismissal of Count 8, seeking earnest money under Minnesota Statute § 559.217, subdivision 2, was warranted. Plaintiffs argue that the Notices of Cancellation were ineffective because Plaintiffs never defaulted on the Purchase Agreements in the first place. See Dimke v. Farr, 802 N.W.2d 860, 865 (Minn. Ct. App. 2011) (analyzing declaratory cancellation of purchase agreements under Minnesota Statute § 559.217, subdivision 4). Regardless of the application of Dimke's analysis to cancellations with right to cure under subdivision 3 of the statute, Plaintiffs do not state a claim under Minnesota Statute § 559.217, subdivision 2. Subdivision 2 provides that if, in response to one party's notice of cancellation, before that cancellation proceeding is completed, the other party responds with its own notice of cancellation under the statute, either party may "later pursue legal remedies at

law to recover the earnest money." As the Court noted in its January 2012 Order, Plaintiffs did not allege that they responded with their own notice of cancellation, therefore subsection 2 was inapplicable. Also, if the cancellation was ineffective, as Plaintiffs now claim, then Minnesota Statute § 559.217, subdivision 2, would not apply.

In Plaintiffs' letter request, and in connection with other filings in this case, including Plaintiffs' attempt to file a Third Amended Complaint, Plaintiffs refer to the state court lawsuit in which Hammann sued Sexton Lofts, LLC to prevent cancellation and obtained the return of the earnest money on the units. The final order in that case demonstrates that, in fact, the state court held that the Purchase Agreements were void, but ordered return of the earnest money to Hammann. These additional allegations do not undermine the Court's previous dismissal of Count 8, as to Burnet Realty. Rather, they support a conclusion that Plaintiffs have no plausible separate federal claim for the return of the earnest money on those same units. Evidence regarding Hammann's lawsuit may have a <u>Rooker-Feldman</u> or res judicata effect on the remainder of this lawsuit, but it does not contradict the conclusion that Plaintiffs cannot recover earnest money from Burnet Realty under Minnesota Statute § 559.217, subdivision 2.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Plaintiffs' letter request to file a motion for reconsideration [Docket No. 138] is **DENIED**.

Dated: September 28, 2012

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court