UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STREAMBEND PROPERTIES III, LLC,
and STREAMBEND PROPERTIES IV, LLC,

      Plaintiffs,

v.                         **ORDER**
                         Civil File No. 10-4745 (MJD/SER)

SEXTON LOFTS, LLC,
et al.,

      Defendants.

Sara M. G. Rojas, The Law Offices of Sara M. G. Rojas, Counsel for Plaintiffs.

Daniel C. Beck and Jacob B. Sellers, Winthrop & Weinstine, PA, Counsel for Defendant Medved LP and Michael P. Medved.

D. Charles Macdonald, Faegre Baker Daniels LLP, Counsel for Defendants MRM Management Corp., John Gamble, and James M. Myers.

Brian R. Christiansen, John J. Steffenhagen, and Joseph P. Beckman, Hellmuth & Johnson PLLC, Counsel for Sexton I, LLC, and Nedal Abdul-Hajj.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Steven E. Rau dated January 28, 2013. Plaintiffs filed objections to the Report and Recommendation.

1

Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Rau dated January 28, 2013.

The Court further explicitly holds that Plaintiffs had ample opportunity to address the issue of the preclusive effect of the State Court Litigation. Furthermore, application of res judicata and collateral estoppel is appropriate at this stage of the litigation. There is no unfair surprise to Plaintiffs. See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008) ("[W]hen an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal.") (citation omitted). The knowledge of the existence of the prior lawsuit was within Plaintiffs' own control. Once the existence of that lawsuit was entered into the record in this case, Defendants raised the issue of the effect of that lawsuit on this current case. This Court gave warning that it was troubled by the potential effect of this prior lawsuit in its September 28, 2012 Order. ([Docket No. 153] Sept. 28, 2012 Order at 4.) Plaintiffs had the opportunity to address the preclusive effect of the prior lawsuit both in briefing and at oral argument. Additionally, despite

Plaintiffs' claim to the contrary, a court may dismiss a case based on res judicata or collateral estoppel on a motion to dismiss.  See C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 763-64 (8th Cir. 2012); Erickson v. Horing, No. 99–1468 JRT/FLN, 2001 WL 1640142, at *6 n.7 (D. Minn. Sept. 21, 2001).  And, while the Court concludes that Defendants clearly and repeatedly raised the issue of the preclusive effect of the State Court Litigation, it is also true that a court may raise collateral estoppel sua sponte in order to avoid judicial waste.  See Johnson v. LaSalle Bank Nat. Ass'n, 663 F. Supp. 2d 747, 765-66 (D. Minn. 2009) (gathering cases).  This case has been pending for more than two years.  There are approximately 200 entries in the docket, and Plaintiffs continually attempt to amend their Complaint.  Avoiding judicial waste is a clear concern in this case.

The Court concludes that the Report and Recommendation clearly and correctly analyzed each of the claims at issue.  It further explicitly holds that application of collateral estoppel and res judicata is just in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Steven E. Rau dated January 28, 2013 [Docket No. 196].

2. Motion to Dismiss by Defendants Nedal Abdul-Hajj and Sexton I, LLC [Docket No. 54]; Motion to Dismiss by Defendants Medved LP and Michael P. Medved [Docket No. 79]; and Motion to Dismiss by Defendants MRM Management Corp. and James M. Myers [Docket No. 120] are **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. To the extent the motions seek dismissal of Count I, Violation of 15 U.S.C. § 1703(a)(2)(B), they should be **GRANTED**;

   b. To the extent the motions seek dismissal of Count II, Violation of 15 U.S.C. § 1703(a)(2)(A) and (C), the motions are **GRANTED**;

   c. To the extent the motions seek dismissal of Count III, Violation of Minn. Stat. 515B et seq., the motions are **GRANTED**;

   d. To the extent the motions seek dismissal of Count IV, Fraud, the motions are **GRANTED**;

   e. To the extent the motions seek dismissal of Count VII, Unjust Enrichment, the motions are **GRANTED**;

   f. To the extent the motions seek dismissal of Count IX, Negligent Misrepresentation (Against Developers), the motions are **GRANTED**;

   g. To the extent the motions seek any other forms of relief, the motions are **DENIED**.

3. In addition, although not specifically requested in the motions above, Count V, Wrongful Cancellation (Against Sexton Lofts, LLC); Count VI, Breach of Contract (against Sexton Lofts, LLC), and Count VIII, Minn. Stat. § 555.01, are **DISMISSED**. In sum, all claims against Defendants Nedal Abdul-Hajj; Sexton I, LLC;

Medved LP; Michael P. Medved; MRM Management Corp.; and James M. Myers are **DISMISSED WITH PREJUDICE**.

Dated: February 24, 2013         s/ Michael J. Davis
                                 Michael J. Davis
                                 Chief Judge
                                 United States District Court